PEARL v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.  June 23, 1904.)

1. STREET RAILWAYS—INJURIES TO PASSENGER ALIGHTING FROM CAR—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action against a street railway company for injuries to a passenger alighting from a car, evidence *held* to show plaintiff guilty of contributory negligence.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Abraham Pearl against the Interurban Street Railway Company From a judgment for plaintiff, defendant appeals Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
S. J. Frankenstein, for respondent.

MacLEAN, J. As he stated it, the plaintiff, being a passenger on the defendant's Madison avenue car, and desiring to see some one on

a business errand in 101st street, signaled the conductor soon after passing 100th street, and the car came to a stop on the southerly side of 101st street, whereupon the plaintiff began leisurely to leave his place west of one or more persons in a cross-seat of an open car, and, taking his time about it, proceeded toward the running board and the street. When he had hold of the upright bar in front of him with one hand, and had one foot on the running board, about to step down, the car was going again as fast as a car goes, but he continued in his purpose to alight. Thus he left a place of safety for the perilous position of one striking the ground with the acquired momentum of a rapidly moving car. He fell, and suffered the injuries to recover solace for which this action is brought. All the other witnesses, the plaintiff's friend, called to testify for him, the conductor and the motorman, called for the defendant, concur with him that when the plaintiff was alighting the car was moving rapidly, which should have warned him, as any one else, of the risk in leaving it. All the other witnesses, however, his friend, and the employés of the defendant, contradict the version of the plaintiff by testifying that the accident occurred above 101st street, between 101st and 102d streets, thus increasing the distance passed over by the car after starting, and emphazing the want of care of the plaintiff in persisting in alighting after he had allowed the car to reach such headway that that act was venturesome and wanting in care for his own safety. There is no evidence or suggestion of any that the car was started suddenly, or in such a way as to throw the passenger off. His own conduct shows that he was contributorily negligent, whatever was the conduct of the defendant's servants, and for that the judgment must be reversed.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event. All concur.